## Cohen, Appellant, *v.* Tonkin et al.

Argued January 14, 1948. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Jones, JJ.

*Joseph Jaffe,* with him *Harry A. Rutenberg,* for appellant.

*I. I. Jamison,* with him *Allen J. Levin* and *Sundheim, Folz, Kamsler & Goodis,* for appellees.

PER CURIAM, March 22, 1948:

This is an action by Samuel Cohen, appellant, against David Tonkin and Anna Dukov, appellees, to secure specific performance of an agreement for the sale of real estate entered into between appellant and Tonkin. This appeal challenged the sufficiency of the evidence to support the chancellor's findings, approved by the court en banc, that a prior conveyance thereof from Tonkin to Anna Dukov was a gift and that Tonkin was not the equitable owner.

David Tonkin, appellee, prior to December 31, 1945, was the owner of premises situate at 1829 North 31st Street, Philadelphia. On that date, he and Mary Tonkin, his wife, conveyed five parcels of real estate to Anna Dukov, one of which was the premises here involved. The total value of these properties was approximately $12,600.00. Anna Dukov, mother of Mary Tonkin, had been supported by her son-in-law, David Tonkin, since his marriage to her daughter. The conveyance was effected for the admitted purpose of securing the income from the real estate to Mrs. Dukov and thereby reducing Tonkin's income tax liability. After the conveyance, he

continued to collect the rent from the property but never filed an account thereof with her. The weekly payments to Anna Dukov were continued. The total of these payments for the year exceeded the annual net income from the real estate.

Samuel Cohen, appellant, and Tonkin, on August 29, 1946, entered into a written agreement for the sale of the property for the sum of $5500. The agreement contained the following clause: "It is understood that David Tonkin is acting as Agent only and will in no case whatsoever be held liable to either party for the performance of any term or covenant of this agreement, or for damages for non-performance thereof." Beneath Tonkin's signature, the words "agent for" were crossed out. Appellant asserts that the delineation was made by appellee, while he asserts it was made by one Arthur L. Berns, a real estate broker in whose offices the agreement was entered into. After execution of the agreement of sale, Tonkin advised appellant that he was not the owner of the property, that Anna Dukov was the owner, but that he was sure he could convince her to sell the same. Thereafter, Anna Dukov refused to ratify in writing, or otherwise confirm, the agreement of sale, or to convey her title to appellant. Appellee later informed Cohen of his inability to secure ratification of the agreement and returned the $500 down payment to him.

Cohen filed this bill in equity for specific performance asserting that Tonkin is the equitable owner of the real estate, and that Anna Dukov, the registered title holder, held the same merely for and on behalf of appellees and was a "straw" title holder. A responsive answer was filed denying the material allegations, asserting that the agreement of sale itself revealed Tonkin's agency, that Tonkin was unable to secure approval of the sale by the real owner, Anna Dukov, and, that the deposit money had been returned to Cohen.

After a hearing, the chancellor filed an adjudication in which he found, inter alia, that: "The conveyance of

the said property by David Tonkin and Mary Tonkin to Anna Dukov was intended as a gift, and operated as such"; that, "At the time of the signing of the said agreement of sale on August 29, 1946, David Tonkin did not have legal or equitable ownership of said property"; and, that Anna Dukov had never given Tonkin written authorization to sell the premises, nor did she ratify in writing or otherwise confirm the agreement of sale. He found as a conclusion of law that David Tonkin, not being the owner of the premises at the time of the execution of the agreement of sale on August 29, 1946, could not be compelled to convey the premises by a decree for specific performance and dismissed the bill. Exceptions to the adjudication were dismissed by the court *en banc*. This appeal followed.

Appellant's statement of questions involved raises one issue: The sufficiency of the evidence to sustain the chancellor's finding that the conveyance of December 31, 1945, constituted a gift. Examination of the entire record reveals ample evidence to support the challenged finding. Inconsistencies of testimony, the weakness of the indefinite testimony of Anna Dukov, and the fact that Tonkin admittedly used his mother-in-law as a straw party in connection with other real estate transactions, do not remove from the record the testimony of Tonkin, his wife, and mother-in-law that the transaction was intended to constitute a gift. Nor is it material that the motive for the transfer was the reduction of tax liability if in fact the gift was effected. There is sufficient evidence to support the findings of fact which have been approved by the court *en banc*. Tonkin not having title to the premises on August 29, 1946, the bill for specific performance of the agreement of sale was properly dismissed.

Decree affirmed; costs to be paid by appellant.